IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1998 SESSION



FILED

**March 18, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JOSEPH L. BROWN, | ) | |
| | ) | No. 02-C-01-9611-CR-00387 |
| APPELLANT, | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable Chris Craft, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction Relief) |
| APPELLEE. | ) | |

FOR THE APPELLANT:                    FOR THE APPELLEE:

Howard B. Manis                              John Knox Walkup
Attorney at Law                               Attorney General & Reporter
200 Jefferson Avenue, Suite 1313    425 Fifth Avenue, North
Memphis, TN  38103                         Nashville, TN  37243-0493

                                                     Clinton J. Morgan
                                                     Counsel for the State
                                                     425 Fifth Avenue, North
                                                     Nashville, TN  37243-0493

                                                     William L. Gibbons
                                                     District Attorney General
                                                     201 Poplar Avenue, Suite 3-01
                                                     Memphis, TN  38103

                                                     Daniel R. Woody
                                                     Assistant District Attorney General
                                                     201 Poplar Avenue, Suite 3-01
                                                     Memphis, TN  38103

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Joseph L. Brown (petitioner), appeals as of right from a judgment of the trial court dismissing his post-conviction action after an evidentiary hearing. In this court, the petitioner contends the trial court "erred in failing to Sustain your Petitioner's Petition for Post Conviction Relief, and grant him a new trial in his case." After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals. The evidence contained in the record does not preponderate against the trial court's findings of fact.

The petitioner claimed he was denied his constitutional right to the effective assistance of counsel. He faults counsel for failing to provide him with copies of everything contained in counsel's file and for assuring him the parole board would release him after he served 30 percent of his sentence.

Defense counsel testified he met with the petitioner on several occasions. Counsel discussed the content of the petitioner's statement, the co-defendant's statement, and the results of the investigation. The petitioner told another assistant public defender he would plead guilty if the state would offer the minimum sentence. The state reduced the offer to the minimum sentence, and the petitioner entered a plea of guilty pursuant to the plea agreement. Counsel testified he explained the parole process to the petitioner, but he did not tell or guarantee the petitioner he would automatically be released on parole after serving 30 percent of his sentence.

The petitioner admitted he committed the crime. He also admitted he was pleased with the guilty plea and sentence until he was turned down for parole. He did not seek post-conviction relief until he met the parole board on two occasions and was denied parole. At the post-conviction hearing, the petitioner said he understood that while a co-defendant shot and seriously injured the victim, he could be tried for the same offense because they committed the crime together.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE